UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-89-FL

| | |
|---|---|
| DANIELLE A. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ASTOU THIAM and AFRICAN HAIR ) | |
| BRAIDING GALLERY, ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court on the application [DE #1] by Plaintiff Danielle A. Carter to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Louise W. Flanagan. For the reasons set forth below, Plaintiff's application to proceed *in forma pauperis* is allowed and Plaintiff is ORDERED to particularize her complaint.

## IFP MOTION

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate

evidence of inability to pay the required court costs. Thus, Plaintiff's application to proceed *in forma pauperis* is allowed.

## DISCUSSION

### I. Background

Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), and facts which may form the basis of state-law torts against her former employer, a hair salon in Raleigh. (Prop. Compl. [DE #1-1] at 2–5.) Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on January 5, 2018, and received a right-to-sue letter on January 15, 2018. (Prop. Compl. at 5; EEOC Right-to-Sue Letter [DE #1-2].) Plaintiff timely filed this action on March 2, 2018.

### II. Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce

the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013).

### III. Analysis

A review of Plaintiff's proposed complaint raises the threshold issue of whether she has sued an "employer" under Title VII and the ADA.[1] Both Title VII

---

[1] This issue is not undertaken as a matter of subject-matter jurisdiction but as to whether Plaintiff has stated a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006) (Title VII's employee threshold limit is not jurisdictional); *Reynolds v. American Nat'l Red Cross*, 701 F.3d 143, 155 (4th Cir. 2012) (applying *Arbaugh* to the ADA's employee threshold limit).

3

and the ADA only apply to "employers," where that means a person or entity engaged in an industry affecting interstate commerce who "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b) (Title VII); 42 U.S.C. § 12111(5)(A) (ADA). Here, Plaintiff has alleged Defendants employ between eight and fifty people. (Prop. Compl. at 2.) However, the EEOC dismissed Plaintiff's complaint because the agency determined Defendants did not employ the requisite number of people. (EEOC Right-to-Sue Letter at 1.) Plaintiff is hereby ordered to particularize this aspect of her Title VII and ADA claims.

Moreover, it is unclear from the proposed complaint whether Plaintiff has named a person or entity capable of suit under Title VII and the ADA. Individual persons, including supervisors, are not liable under Title VII and the ADA unless they qualify as an "employer." *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471–72 (4th Cir. 1999). While Plaintiff has named Defendant Thiam as "owner" of Defendant African Hair Braiding Gallery, it is not clear whether Plaintiff alleges Defendant Thiam is the sole proprietor of African Hair Braiding Gallery or whether African Hair Braiding Gallery is a separate legal entity capable of suit. Due to this ambiguity, Plaintiff is ordered to particularize this aspect of her Title VII and ADA claims. *See Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 694 (D. Md. 2017) (dismissing Title VII and ADA claims against an individual because he was not the sole proprietor of a defendant corporation).

Lastly, Plaintiff is reminded that merely stating "'a few conclusory legal terms does not insulate a complaint from dismissal . . . when the facts alleged in the complaint' do not support the legal conclusion." *Trulock*, 275 F.3d at 405 n.9 (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001)). For example, Plaintiff has failed to allege any supporting facts pertaining to her ADA "regarded as" claim (Prop. Compl. at 5) tending to show that Defendants "subjected [her] to an action the ADA prohibits because of an actual or perceived impairment." *Howard v. College of the Albemarle*, 262 F. Supp. 3d 322, 334 (E.D.N.C. 2017) (summarizing updated standard under ADA for "regarded as" claims). In addition to the particular matters discussed above, Plaintiff is hereby given an opportunity to particularize any other aspects of her proposed complaint so as to put any potential defendants on fair notice as to the nature of her claims.

IV. **Request for Counsel**

After filing her IFP application and proposed complaint, Plaintiff submitted a request for assistance in obtaining an attorney to represent her. (Request Attorney Representation [DE #5].)

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to request an attorney to represent a pro se civil litigant only in exceptional cases. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989). The

5

facts of this case and Plaintiff's abilities do not present such exceptional circumstances. Accordingly, the court denies any request by Plaintiff for appointed counsel.

Nevertheless, the court maintains a list of attorneys who have indicated a willingness to consider providing pro bono representation in certain categories of civil cases ("pro bono panel"). Review by the pro bono panel does not guarantee that counsel will be secured. Because of the number of pro se cases and the shortage of volunteer attorneys, submission of a case to the pro bono panel frequently results in a declination of representation. In accordance with the court's routine practice, the Clerk is directed to review this case in order to determine whether it falls within one of the categories of cases appropriate for consideration by the pro bono panel.

## CONCLUSION

For the reasons stated above, the court **ORDERS** as follows:

1. Plaintiff's application to proceed *in forma pauperis* is **ALLOWED** and Plaintiff is **ORDERED** to **PARTICULARIZE** her complaint by filing with the court, on or before **August 31, 2018,** a revised complaint as discussed above; and

2. Plaintiff's motion for assistance in obtaining counsel [DE #5] is **GRANTED IN PART and DENIED IN PART**. The clerk is directed to review this case and, if appropriate, to refer the matter for consideration by the court's pro bono panel.

After Plaintiff has submitted her particularized complaint, the court will conduct a frivolity review of Plaintiff's claims to determine whether any of her claims

should be dismissed. **Plaintiff is warned that failure to file a particularized complaint as ordered herein may result in dismissal of her claims.**

This 14th day of August 2018.

_____
KIMBERLY A. SWANK
United States Magistrate Judge